1  Scott D. Cunningham (State Bar No. 200413)
   scunningham@condonlaw.com
2  Christopher B. Queally (State Bar No. 229154)
   cqueally@condonlaw.com
3  CONDON & FORSYTH LLP
4  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
5  Telephone: (310) 557-2030
   Facsimile: (310) 557-1299
6

7  - and -

8  Christopher R. Christensen (*admitted pro hac vice*)
   cchristensen@condonlaw.com
9  Anthony U. Battista (*admitted pro hac vice*)
10 abattista@condonlaw.com
   CONDON & FORSYTH LLP
11 7 Times Square
   New York, New York 10036
12 Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
13

14 AND ALL PARTIES LISTED ON THE SIGNATURE PAGE

15
               UNITED STATES DISTRICT COURT
16
               CENTRAL DISTRICT OF CALIFORNIA
17

18 JENNIFER FUNK, individually, and as     ) Case No. CV 10-4339 RGK (Ex)
   guardian *ad litem* of SOPHIA FUNK, a    )
19 minor, and ADDISION FUNK, a minor,       ) STIPULATED PROTECTIVE
                                            ) ORDER REGARDING
20         Plaintiffs,                      ) PROTECTION OF
                                            ) CONFIDENTIAL DOCUMENTS
21    vs.                                   ) AND INFORMATION
                                            )
22 NORTHROP GRUMMAN                         )
   CORPORATION; NORTHROP                    )
23 GRUMMAN AVIATION, INC.;                  )
   NORTHROP GRUMMAN                         )
24 AEROSPACE INTERNATIONAL,                 )
   INC.; THE BOEING COMPANY;                )
25 GENERAL ELECTRIC COMPANY;                )
   LEAR SIEGLER SERVICES, INC.; and         )
26 DOES 1 through 200, inclusive,           )
                                            )
27         Defendants.                      )
                                            )
28

STIPULATED PROTECTIVE ORDER REGARDING
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO. CV 10-4339 (RGK)

713461V.1

## I. RECITALS

The Parties to this action (individually "Party," and collectively, "Parties"), JENNIFER FUNK, individually, and as guardian *ad litem* of SOPHIA FUNK, a minor, and ADDISON FUNK, a minor, (hereinafter "Plaintiffs"); NORTHROP GRUMMAN CORPORATION; NORTHROP GRUMMAN AVIATION, INC.; NORTHROP GRUMMAN AEROSPACE INTERNATIONAL, INC.; THE BOEING COMPANY; GENERAL ELECTRIC COMPANY; LEAR SIEGLER SERVICES, INC.; and DOES 1 through 200, inclusive, and each of them, (collectively, "Defendants") have negotiated in good faith and now submit to the Court for approval this proposed Stipulated Protective Order governing the production and use of confidential documents and information during the course of this case. Defendants anticipate that during discovery in this litigation they will be required to disclose documents, information and other materials that contain valuable trade secrets, critical business procedures or other confidential research, development or commercial information. In accordance with Federal Rule of Civil Procedure 26(c), the Defendants believe that among the documents and information they will be required to produce are blueprints, engineering drawings, engineering specifications, technical bulletins and technical correspondence, contractual provisions and other proprietary information over which strict confidentiality is maintained. The Defendants have a good faith belief that unrestricted disclosure of such information would provide their competitors with a

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

potential commercial advantage. In addition, numerous documents related to the issues involved in this litigation may be restricted from disclosure by the U.S. government, U.S. Department of Defense and/or the U.S. Air Force.

Accordingly, the parties stipulate and agree that the parties may make claims of confidentiality with respect to documents, other tangible things, and information that the asserting party in good faith believes is legally entitled to protection from discovery or discovery under Federal Rule of Civil Procedure 26(c) and applicable case law.

## II. TERMS OF PROTECTIVE ORDER

1. Any Party may designate items of discovery or other information produced or disclosed to any other Party as "Confidential: Subject to Protective Court Order" (or words to that effect), so long as any such designation is made in good faith and only with respect to items (documents, tangible things or information) that the asserting Party in good faith believes are entitled to such designation. Items may be designated as "Confidential" if they consist of confidential information related to one's business or the business of a third party, including, but not limited to, information concerning trade secrets, manufacturing processes, technical, research or development information, customer lists, and financial information. Items may also be designated as "Confidential" if they consist of, or include, data or information that is subject to export control laws and regulations of the United States ("Export Controlled Information"), including but not limited to the International Traffic in Arms Regulations (22 CFR Parts 120-130) or the Export Administration Regulations (15 CFR Parts 730-774). Transfer of such Export Controlled Information by any means to a Non-U.S. Person, whether in the United States or abroad, without the requisite export license or other

1 Government approval is strictly prohibited. A "Non-U.S. Person" is: (1) a person
2 who is (a) not a United States citizen, or (b) not a lawful U.S. Permanent Resident
3 Alien ("Green Card" holder); (2) a business entity not incorporated or organized to
4 do business in the United States; or (3) an international organization, foreign
5 government, or agency of such organization or government. All documents
6 designated as "Confidential" shall be marked prior to production by placing the
7 legend **"CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER"** or words
8 to that effect on each page of the document. Except as otherwise adjudicated by
9 the Court, all items so marked, and all copies, prints, summaries, or other
10 reproductions of such information, shall be subject to this Order.

11     2. Unless otherwise directed by the Court or through prior written
12 agreement of the Parties, and subject to the limitations of Paragraph 1 above,
13 information and documents subject to this Order shall not be used or shown,
14 disseminated, copied, or in any way communicated to anyone for any purpose
15 whatsoever, other than as required for the preparation and trial of this action,
16 including any appeals. Any copies, excerpts, summaries, analyses, or other
17 disclosures of, or references to, the substance or contents of any information
18 designated as "Confidential" shall be protected to the same extent as the
19 underlying information. Except as provided for below and in the paragraphs that
20 follow, the Parties shall keep all "Confidential" information and documents strictly
21 confidential from all persons. The information and documents subject to this
22 Order may be disclosed only to (a) the actual named Parties, in the case of
23 individual (non-corporate) Parties in this action; (b) in the case of corporate Parties
24 in this action, officers, directors, insurers, in-house counsel and current and former
25 employees of such corporations deemed reasonably necessary by counsel for the
26 prosecution, defense, trial or appeal of this action, including employees and former
27 employees of such Parties who testify as pretrial or trial witnesses in connection
28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

STIPULATED PROTECTIVE ORDER REGARDING
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO. CV 10-4339 (RGK)

- 4 -

713461v.1

with this action; (c) counsel (and their staff) who represent the Parties in this action; (d) experts or consultants retained by counsel, whether or not they are expected to testify; (e) the Court and court personnel for any purpose the Court finds necessary; (f) jurors and court personnel at trial of this case; (g) stenographic and/or videographic personnel hired to record testimony; and (h) current and former employees of the United States government deemed reasonably necessary by counsel for the prosecution, defense, trial, or appeal of this action. Notwithstanding any other provisions of this Order, including the definitions of persons in this Paragraph to whom disclosure may be made, no information regarding General Electric Company (GE) or other information designated as "Confidential" by GE shall be disclosed to any competitor of GE, including, but not limited to, Pratt & Whitney, Rolls Royce, HEICO Corporation, Chromalloy Gas Turbine Corporation, or Honeywell International, Inc., or to any current employee, contractor, officer, director, agent, retained expert, legal counsel or other representative of a competitor of GE, without the prior written approval of GE, unless further ordered by the Court. For purposes of this paragraph, a competitor of GE is defined as any individual, partnership, limited liability company, corporation, joint-stock company, joint venture, association, trust, estate, or other entity or organization (collectively, "Competitor"), including the Competitor's employees, officers, directors, contractors, agents and other representatives, which is engaged directly or indirectly in the business of designing, engineering, assembling, fabricating, manufacturing, testing, inspecting, maintaining, overhauling, repairing, servicing, leasing, managing, or distributing aircraft engines and/or gas turbine engines for other applications (such as marine or power generation) that are derivatives of aircraft engines, and/or any component parts of such engines.

3.   Disclosures shall be made to such persons identified in Paragraph 2,

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

and such persons may review such disclosures, only as necessary for purposes of litigating this action. The persons identified in Paragraph 2 shall not otherwise disseminate the information and documents subject to this Order, or the substance of such information or documents.

4. Counsel (and counsel's staff) for the receiving Parties will abide by, and be bound by, the provisions of this Protective Order, and will use due care to ensure that the provisions of the Protective Order are known and adhered to by clients, all persons under counsel's supervision and/or control and any person, firm or corporation who has been retained by counsel to act on the receiving Party's behalf in connection with this litigation.

5. With respect to deposition testimony and any document marked as an exhibit thereto, the designation of confidentiality may be made on the record at the time of the deposition, and the designated testimony shall be subject to the full protection of this Order, unless challenged in accordance with the procedures of Paragraph 14. In the case of testimony not so designated during the course of a deposition, counsel may so designate confidential testimony, within thirty (30) days of the deposition testimony and/or exhibits which contains confidential material, in which case the designated testimony and/or exhibits shall be subject to the full protections of this Order. Until the thirty (30) day period for notification has elapsed, deposition transcripts in their entirety and all exhibits are to be considered as confidential and proprietary and subject to the provisions of this Protective Order. If, prior to and/or during the course of a deposition, a witness refuses to be bound by the terms of the Protective Order, the deposition shall be adjourned until application can be made to the Court regarding the deposition.

6. Each person given access to documents and information subject to this Order, except those persons identified in paragraphs 2(c), (e), and (f) above, must acknowledge this Order and agree, in writing, to be bound by all its terms and

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1. conditions. This requirement must be satisfied by obtaining the signature of the person or persons on a copy of the Agreement to Be Bound By Protective Order attached as Exhibit "A" hereto. By agreeing to be bound by this Order, each person consents to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of documents or information protected by this Order. Each Party shall maintain the original signed written agreements and a verified list of all experts, consultants or persons to whom the information and documents or copies thereof were revealed. The list of signatories shall not be revealed to any other person or persons except through court order, which shall only be granted upon a showing of good cause. The Parties agree that a prima facie showing of good cause may be established by evidence that a protected document has been disseminated or used contrary to the terms of this Order (e.g., is in the possession of one not bound by the terms of this Order) and that a reasonable basis exists to find that a particular individual or Party (or agents thereof) improperly used or disseminated the confidential information. The Party that appears to have improperly disseminated the protected document or information shall be required to produce its list of signatories to the Confidentiality Order to the Party having claimed confidentiality.

7. Any pleadings, documents, materials or exhibits that quote from or constitute documents marked "Confidential: Subject to Protective Order" which are submitted to the Court – either before or during trial – shall be submitted to the Court in accordance with Rule 79-5 of the Local Rules of the Central District of California pertaining to procedures for filing documents under seal.

8. Neither this Order nor the designation of any item as confidential shall be construed as an admission that such document, information or testimony would be admissible in evidence in this litigation or in any other proceeding. In addition, this Protective Order does not, of itself, require the production of any information

or documents. Nor does the existence of this Order constitute an admission or finding that any material marked as confidential is entitled to protection under applicable law.

9. Nothing in this Order shall be deemed a waiver of any Party's right to: (a) to oppose discovery on grounds other than that the same constitutes or contains confidential information, or (b) to object on any ground to the admission in evidence, at the trial of this action, of any confidential information.

10. If any Party wishes to petition the Court to modify this Order or its application to certain documents or information, the Party shall first request written consent of the Parties to seek agreement of the other Parties hereto, and, if no satisfactory agreement is reached, may petition the Court for modification.

11. Within sixty (60) days of the final conclusion of all aspects of this litigation, the information and documents subject to this Order, together with all copies thereof, shall be either (a) returned to the Party's counsel that originally produced such information at that counsel's business office or any subsequent address designated by that counsel, or (b) destroyed, with written verification of such destruction.

12. Following termination of this litigation, or any part thereof, the provisions of this Order relating to the confidentiality of protected documents and information shall remain in full force and effect and continue to be binding, except with respect to documents or information that is publicly available. This Court retains jurisdiction over all persons provided access to confidential materials or information for enforcement of the provisions of this Order following termination of this litigation against any Party.

13. Nothing in this Order shall be deemed to preclude any Party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provision

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

of this Order be deemed to preclude any Party from challenging the validity of the confidentiality of any materials or information so designated.

14. If a Party elects to challenge the designation of confidentiality of any document, information or testimony, that Party shall notify the Party who designated the challenged document as confidential of its challenge, in writing. If a challenge is raised, the Parties shall promptly confer and make reasonable and good faith efforts to resolve the disagreement without intervention by the Court. If they are unable to resolve their differences in good faith within ten (10) days of receipt of the challenge, the designating Party shall request a ruling from the Court with respect to the confidential treatment of the information at issue within thirty (30) days of receipt of the challenge. The defending Party shall have the burden to prove that the challenged document, information or testimony is entitled to protection under applicable law. Until such time as the Parties' contentions regarding the confidentiality of documents, information or testimony are fully and finally adjudicated, all documents, testimony or other materials designated by defendants as confidential shall retain their confidential status. Nothing in this agreement shall be deemed to alter, modify or reduce the burden on any party asserting a privilege to make out all elements of the privilege claimed.

15. It is recognized by the Parties to this Protective Order that documents or testimony may be designated inadvertently or erroneously as "Confidential: Subject to Protective Court Order," or that such a designation inadvertently or erroneously may be omitted with respect to documents or information that are entitled to such protection. Any Party to this Protective Order may correct its designation or lack thereof within a reasonable time and shall, at its own expense, furnish to all counsel copies of the documents for which there is a change in designation.

16. It is recognized by the Parties that documents or testimony stamped

1  "Confidential: Subject to Protective Court Order" may be inadvertently disclosed
2  to third parties by a receiving Party. Any receiving Party may correct this
3  inadvertent disclosure without sanction by immediately bringing it to the attention
4  of the producing Party by letter to the producing Party's counsel in which the third
5  Party is identified by name and address. The receiving Party shall further provide
6  an affidavit of counsel confirming that to the best of his or her knowledge the
7  documents and any copies thereof were recovered from the third party.

      17. All documents or information produced by the Parties prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if such Protective Order had been entered by the Court as of the date such documents or information were produced. Producing Parties shall have thirty (30) days from the date of entry of this Order to designate already-produced materials as "Confidential: Subject to Protective Court Order." However, documents or information obtained through means other than discovery in this action shall not be subject to this Protective Order.

      18. In the event that any person identified in paragraph 2 above who has been provided access to confidential information produced in this action ("Person Served"): (a) is served with a subpoena in another action, or (b) is served with a demand in another action to which he or she is a party, or (c) is served with any other legal process by one not a Party to this litigation, seeking information that has been produced in this action by another Party and which is subject to this Protective Order, the Person Served shall give prompt written notice of such event to counsel of record for the Party that produced the information. Upon receipt of written notice, the Party which produced the information shall advise the Person Served of that Party's position with respect to the protected information. Thereafter, the Party which produced the information shall assume responsibility for prosecuting any objection to the discovery requests, subpoena or demand, and

the Person Served shall cooperate to the extent necessary to preserve the confidentiality of the information. Should the person seeking access to information take action to enforce such discovery requests, subpoena, demand, or other legal process, the Person Served shall set forth in his response the existence of this Stipulated Protective Order. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of the information.

19. This Order shall not prejudice the Parties' rights or arguments regarding whether documents or information used at trial do or do not remain confidential. Such issues will be taken up as a separate matter upon motion of any Party.

20. It is understood by all Parties that this Stipulation may be executed in one or more counterparts, each of which shall be deemed an original.

21. Defendants agree not to challenge Plaintiff's use of any document designated as "Confidential" or "Confidential: Subject to Protective Order" on the grounds of lack of authenticity. Defendants specifically reserve the right to challenge the admissibility of any of the documents designated as "Confidential" or "Confidential: Subject to Protective Order" on any other grounds, including, but not limited to, relevance.

Dated: ~~October~~ November __, 2010

THE BRANDI LAW FIRM

By: _____
THOMAS J. BRANDI
DANIEL DELL'OSSO
BRIAN J. MALLOY
Attorneys for Plaintiffs
JENNIFER FUNK;
INDIVIDUALLY AND AS
GUARDIAN *AD LITEM* FOR
SOPHIA FUNK, A MINOR, AND
ADDISION FUNK, A MINOR

STIPULATED PROTECTIVE ORDER REGARDING
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO. CV 10-4339 (RGK)

- 11 -

713461v.1

| | | |
|---|---|---|
| 1 | Dated: October 28, 2010 | CONDON & FORSYTH LLP |
| 2 | | |
| 3 | | By: /s/ |
| 4 | | SCOTT D. CUNNINGHAM<br>CHRISTOPHER B. QUEALLY<br>Attorneys for Defendant |
| 5 | | GENERAL ELECTRIC COMPANY |
| 6 | Dated: October __, 2010 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 7 | | |
| 8 | | By:_____ |
| 9 | | GREGORY A. LONG<br>Attorneys for Defendants |
| 10 | | NORTHROP GRUMMAN |
| 11 | | CORPORATION; NORTHROP<br>GRUMMAN AVIATION, INC.; and |
| 12 | | NORTHROP GRUMMAN<br>AEROSPACE INTERNATIONAL, |
| 13 | | INC. |
| 14 | Dated: October __, 2010 | PERKINS COIE LLP |
| 15 | | |
| 16 | | By:_____<br>RONALD A. McINTIRE |
| 17 | | Attorneys for Defendant<br>THE BOEING COMPANY |
| 18 | | |
| 19 | Dated: October 25, 2010 | WATT, TIEDER, HOFFAR & FITZGERALD LLP |
| 20 | | |
| 21 | | By: /s/ |
| 22 | | DAVID F. MCPHERSON<br>SONIA N. LINNAUS |
| 23 | | Attorneys for Defendant<br>LEAR SIEGLER SERVICES, INC. |

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

STIPULATED PROTECTIVE ORDER REGARDING PROTECTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION
CASE NO. CV 10-4339 (RGK)

- 12 -

713461v.1

| | | |
|---|---|---|
| 1 | Dated: October ___, 2010 | CONDON & FORSYTH LLP |
| 2 | | |
| 3 | | By:_____ |
| 4 | | SCOTT D. CUNNINGHAM<br>CHRISTOPHER B. QUEALLY<br>Attorneys for Defendant |
| 5 | | GENERAL ELECTRIC COMPANY |
| 6 | Dated: October ___, 2010 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 7 | | |
| 8 | | By:_____ |
| 9 | | GREGORY A. LONG<br>Attorneys for Defendants |
| 10 | | NORTHROP GRUMMAN<br>CORPORATION; NORTHROP |
| 11 | | GRUMMAN AVIATION, INC.; and<br>NORTHROP GRUMMAN |
| 12 | | AEROSPACE INTERNATIONAL,<br>INC. |
| 13 | | |
| 14 | Dated: October 26, 2010 | PERKINS COIE LLP |
| 15 | | |
| 16 | | By:_____ |
| 17 | | RONALD A. McINTIRE<br>Attorneys for Defendant<br>THE BOEING COMPANY |
| 18 | | |
| 19 | Dated: October ___, 2010 | WATT, TIEDER, HOFFAR & FITZGERALD LLP |
| 20 | | |
| 21 | | By:_____ |
| 22 | | DAVID F. MCPHERSON<br>SONIA N. LINNAUS |
| 23 | | Attorneys for Defendant<br>LEAR SIEGLER SERVICES, INC. |

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

STIPULATED PROTECTIVE ORDER REGARDING
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO. CV 10-4339 (RGK)

- 12 -

713461v.1

| | |
|---|---|
| 1  Dated: October ___, 2010 | CONDON & FORSYTH LLP |
| 2 | |
| 3 | By: _____ |
| 4 | SCOTT D. CUNNINGHAM<br>CHRISTOPHER B. QUEALLY<br>Attorneys for Defendant |
| 5 | GENERAL ELECTRIC COMPANY |
| 6  Dated: October 27, 2010 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 7 | |
| 8 | By: Gregory A. Long / JDM |
| 9 | GREGORY A. LONG<br>Attorneys for Defendants |
| 10 | NORTHROP GRUMMAN |
| 11 | CORPORATION; NORTHROP<br>GRUMMAN AVIATION, INC.; and |
| 12 | NORTHROP GRUMMAN<br>AEROSPACE INTERNATIONAL, |
| 13 | INC. |
| 14  Dated: October ___, 2010 | PERKINS COIE LLP |
| 15 | |
| 16 | By: _____ |
| 17 | RONALD A. McINTIRE<br>Attorneys for Defendant |
| 18 | THE BOEING COMPANY |
| 19  Dated: October ___, 2010 | WATT, TIEDER, HOFFAR & FITZGERALD LLP |
| 20 | |
| 21 | By: _____ |
| 22 | DAVID F. MCPHERSON<br>SONIA N. LINNAUS |
| 23 | Attorneys for Defendant<br>LEAR SIEGLER SERVICES, INC. |

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

STIPULATED PROTECTIVE ORDER REGARDING PROTECTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION
CASE NO. CV 10-4339 (RGK)

- 12 -

713461v.1

**APPROVED FORM:**

**EXHIBIT "A"**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, the undersigned, acknowledge that I will be receiving documents that have been designated "CONFIDENTIAL" and subject to the terms of the Stipulated Protective Order entered in the above-captioned case. I understand that such confidential material is to be provided to me pursuant to the terms and restrictions of the aforementioned Protective Order and acknowledge that I have been given a copy of and have read that Protective Order. I understand that any use by me of documents or information designated "CONFIDENTIAL" under the Stipulated Protective Order, or any portion or summaries thereof, in any manner contrary to the provisions of the Stipulated Protective Order, will subject me to the sanctions of the Court. I hereby agree to be bound by all of its terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this ___ day of _____, 2010.

_____
*Signature*

_____
*Printed Name*

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

# [~~PROPOSED~~] ORDER

**IT IS SO ORDERED.**

Dated: Nov. 1, 2010

*[signature]*

Honorable ~~R. Gary Klausner~~
~~United States District Court Judge~~
Charles F. Eick
United States Magistrate Judge

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030